UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DAMAR HORTON,

            Petitioner,            Case No. 2:20-cv-11891
                                                  Hon. Sean F. Cox

v.

JONATHAN HEMINGWAY,

            Respondent.
_____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Damar Horton, ("Petitioner"), a prisoner currently housed at the Federal Correctional Institution at Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner challenges a decision from a prison disciplinary hearing that he violated prison rules after two SIM cards were found in the cell Petitioner shared with one other inmate. Petitioner was sanctioned with the loss of 41 days of good conduct time, 90 days loss of phone and commissary privileges, and a $58.20 fine. Petitioner asserts that there was insufficient evidence presented at the disciplinary hearing to justify the sanctions because his cellmate admitted that the SIM cards belonged to him. For the reasons stated below, the petition for a writ of habeas corpus is denied.

**I. Background**

    Petitioner was convicted in 2012 in the United States District Court for the Eastern District of Kentucky of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(A)(1). He was sentenced to 128 months imprisonment followed by eight years of supervised release. (Inmate Date Report, ECF No. 10-2, PageID.93-95.)

On October 16, 2019, while a prisoner at FCI Milan, a corrections officer who was conducting a random search of Petitioner's cell and found two SIM cards. "One SIM card was

discovered in a locker marked 2L. One was discovered hidden/concealed on the lip of the desk approximately 5 inches in front of the desk light in F1 cell F05-002." (Incident Report, ECF No. 10-3, PageID.96.) Petitioner said that he "didn't know nothing about those cards. I just moved in that cell 4 day ago and that locker wasn't my locker." (*Id.*, PageID.97.) The incident report was referred for a disciplinary hearing on a charge of offense code 108, possession of a cellphone or accessory. (*Id.*, PageID.96, 105.)

Petitioner was provided advance notice of the disciplinary hearing. (Notice; ECF No. 10-4, PageID.98.) He indicated that he did not wish to have a staff representative, but that an Officer Gilbert was a witness to the other prisoner's statement claiming ownership of the contraband. (*Id.*) Petitioner was also proved a written copy of his disciplinary hearing rights. (Inmate Rights Form, ECF No. 10-5, PageID.99.)

The incident report was redrafted on November 1, 2019, at the direction of the hearing officer. The amended report indicated, "On October 16, 2019, at approximately 12:15 p.m., I officer T. Churchill was searching cell F05-002, which is assigned to inmates Horton, Damar #15312-032, and Coleman, Anthony #22171-032. During my search I found what appeared to be two SIMS cards. One card was located inside of locker F05-002L, assigned to inmate Coleman. This locker was unsecured. The other card was found hidden on the lip of the desk approximately 5 inches in front of the desk light, which is a common area of the cell." (Incident Report, ECF No. 10-7, PageID.101.) Petitioner again responded, "I just moved into the cell four days prior. I have no idea of anything that was in the cell. Mr. Coleman claimed ownership immediately. I don't know why I am here. I don't even know what a CIMS (sic) card is." (*Id.*) Petitioner was again notified that a disciplinary hearing would be held, and he indicated that he did not wish a staff representative, and he did not have any witnesses. (Notice, ECF No. 10-8,

PageID.103.) Petitioner was again provided written notice of his rights. (Inmate Rights Form, ECF No. 10-9, PageID.104.)

A disciplinary hearing was held by a Disciplinary Hearings Officer (DHO) on November 26, 2019. The DHO stated that it considered the Incident Report's account of finding the SIMS cards in the cell, Petitioner's statements, and a photo of the SIMS cards. (Discipline Hearing Officer Report, ECF No. 10-10, PageID.106.) The DHO made the following findings:

> In deciding this case, the DHO took into consideration your statements throughout the disciplinary process and found your statements to be consistent. However, when contraband is found in a common area of the cell, all inmates assigned to the cell are found to be responsible for the contraband. Although your cellmate claimed ownership, two were found, one being in his locker and the other on the lip of the desk. This is considered a common area of the cell, thus holding both inmates responsible. If inmate Coleman wanted to claim ownership of both the SIMIS cards, he would have both in his locker, not just one. Based on the greater weight of the evidence, the grater weight being the report, photos, and your statements, you are found to be in possession of a cellphone, electronic accessory, code 108.

(*Id*.)

The DHO sanctioned Petitioner with 41 days disallowance of good conduct time, 90 days phone and commissary restriction, and a $58.20 monetary fine. (*Id*.)

Petitioner appealed this decision, claiming that the DHO refused to credit Coleman's statements that the SIMS cards belonged to him, and that the DHO failed to call Officer Gilbert as a witness. (Regional Adm. Appeal, ECF No. 10-11, PageID.108-11.) The appeal was denied. (Appeal Decision, Id., PageID.112.) Petitioner appealed to the Central Office on the same grounds. (ECF No. 10-11, PageID.113.) His appeal was denied by the Central Office because "[t]he fact that you claim a cellmate took responsibility for the contraband found does not mitigate your responsibility, prove that you were unaware of its presence, or that you did not have access to all of the items found." (*Id*., PageID.114.)

## II. Discussion

A prisoner is afforded the following due process rights at a disciplinary proceeding: (1) written notice of the charges at least twenty-four hours before a disciplinary hearing; (2) a written statement by the fact finders about the evidence relied on and the reasons for the disciplinary action; (3) presentation of witnesses and documentary evidence in defense when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-566 (1974); *Franklin v. Aycock*, 795 F.2d 1253, 1262-63 (6th Cir. 1986).

Petitioner does not assert that he received insufficient notice or insufficient findings. He does briefly assert that a witness he requested was not presented, but the record shows that his response to the amended incident report indicated that he declined staff representation and witnesses. (Notice, ECF No. 10-8, PageID.103.)[1]

Petitioner's central claim is a challenge to the sufficiency of the evidence presented at the disciplinary hearing. He asserts that the SIMS cards were found in a cellmate's locker and in the lip of a desk, and his cellmate stated that the cards belonged to him. Due process, however, merely requires that "some evidence supports the decision . . . to revoke good time credits." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985). It "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id*. "Some evidence" is a lenient standard; the relevant question is

---

[1] To the extent Petitioner alludes to a claim of racial disparity, the Court notes that Petitioner did not raise this claim during the administrative remedy process, precluding Petitioner from asserting that claim in this action. *See Mazzanti v. Bogan*, 866 F. Supp. 1029, 1033–34 (E.D. Mich. Oct. 24, 1994) (claims not raised during the Bureau of Prisons' administrative remedy program are barred from habeas review).

whether any evidence in the record could support the disciplinary board's conclusion. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

One of the SIMS cards was found in a common area of the cell Petitioner shared with his cellmate. Even if the cellmate claimed ownership of the contraband, all the occupants of a cell have a duty under prison rules to keep the entire cell free of contraband. *See* Bureau of Prisons, Program Statement 5270.09 Appendix C, ¶ 4. In light of this prison rule, courts "have uniformly held that the discovery of contraband in a shared cell constitutes 'some evidence' of possession sufficient to uphold a prison disciplinary sanction against each inmate in the cell . . . ." *Denny v. Schultz*, 708 F.3d 140, 145-47 (3d Cir. 2013); *see also Flowers v. Anderson*, 661 F.3d 977, 980-81 (8th Cir. 2011) (concluding that discovery of weapons in common area of 8-man dorm constituted "some evidence" for punishment of two occupants; *Hamilton v. O'Leary*, 976 F.2d 341, 345-46 (7th Cir. 1992) (concluding that discovery of weapons in 4-man cell was "some evidence" justifying punishing petitioner, one of the occupants). The fact that Petitioner's cellmate claimed that the contraband was his did not preclude a finding that that Petitioner also had constructive possession of the SIMS cards. *See, e.g.*, *Flannagan v. Tamez*, 368 F. App'x. 586, 588, n. 5 (5th Cir. 2010) ("[E]ven if we were to adopt the factual finding that one of the other five inmates placed the contraband in the wall next to his bunk bed, that would not preclude the DHO's finding of constructive possession, since [petitioner] would still have 'dominion[] or control over the . . . the premises in which the contraband is located.'"). The evidence in this case therefore satisfied the low "some evidence" standard, and Petitioner's claim is without merit.

### III. Conclusion

Based upon the foregoing, the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED**.

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

**SO ORDERED.**

s/Sean F. Cox  
Hon. Sean F. Cox  
United States District Judge

Dated: February 10, 2021